**FIREMAN'S FUND INSURANCE COMPANY, as Subrogee of Addison Realty Trust, Plaintiff, Appellant,**

v.

**Stan KELLY, etc., et al., Defendants, Appellees.**

**No. 90–2009.**

United States Court of Appeals, First Circuit.

Heard Feb.. 4, 1991.

Decided Feb. 21, 1991.

Elliott R. Feldman with whom Steven L. Smith, Cozen & O'Connor, John A. Mavricos and Christopher & Ledoux were on brief for appellant.

Roy P. Giarrusso, with whom Cooley, Manion, Moore & Jones, P.C. and William J. Gorenc, Jr., were on brief for appellee Diversitech General, Inc.

Before CAMPBELL, and CYR, Circuit Judges, and ALDRICH, Senior Circuit Judge.

BAILEY ALDRICH, Senior Circuit Judge.

We have before us an extreme case of a plaintiff trying to obtain something for nothing. Plaintiff insurance company sues as subrogee of its insured, the Addison Realty Trust, having paid Addison for the loss of the roof on its insured building caused by a windstorm. The roof had been installed, by one Kelly, of material supplied by defendant Diversitech. Part of Kelly's obligation to Addison was to furnish a warranty from defendant, but defendant did not contract with Addison that it would give it. Defendant's agreement was with Kelly, and it was expressly provided that the warranty would not take effect unless Addison made all payments due Kelly, and Kelly paid defendant. Defendant inspected the completed roof, and was satisfied, but Addison did not complete its payments to Kelly, who, in turn, did not pay defendant. The roof blew off, not because of any claimed defect in the roof, but because a layer of insulating material under it, not supplied by defendant, was not properly bonded to the building.

Defendant asserts that its warranty, even if it had become effective, would have covered the roof only, and would not have extended to this failure. It also points to a provision in the warranty excluding gale force winds, which this was shown to be. Plaintiff concedes that, quite apart from this, the warranty never became effective, because of nonpayment. It bases a tort claim on the fact that defendant inspected the roof, and "fail[ed] to have determined that the roofing system was inadequately and improperly adhered to the concrete roof deck of the structure." The court granted summary judgment for defendant, and plaintiff appeals. We affirm.

If we stand off and look at plaintiff's case, plaintiff's insured, Addison, agreed to pay for a warranty; defendant inspected the roof to determine whether it would give one, and was willing to do so; Addison failed to pay, but plaintiff claims that by the act of inspecting, defendant, voluntarily, incurred a duty to Addison, with whom it had no relations, to inspect carefully, an obligation, incidentally, even broader in coverage than would have been the warranty.

For this legerdemain plaintiff relies on depositions of witnesses to the effect that by business custom a roof inspection is made partly for the benefit of the owner. Defendant contends that plaintiff has grossly overstated this testimony. For present purposes we accept that owners customarily attach weight to such inspections. This refers, at best, to contractually undertaken inspections; it does not mean that defendant assumed a gratuitous duty. That Addison may have chosen to give weight to defendant's opinion, an opinion evidenced by its willingness to furnish a warranty, if paid for, cannot create a duty. On plaintiff's theory, defendant cannot make an inspection that is essential to its decision to give a warranty—for which Addison was to pay—without incurring an obligation to Addison, independent of payment; indeed, even broader.

Not surprisingly, plaintiff cites only cases where the inspector had contractually undertaken an obligation, and the issue was to whom it extended. *Banaghan v. Dewey*, 340 Mass. 73, 162 N.E.2d 807 (1959); *Power Serv. Supply, Inc. v. E.W. Wiggins Airways, Inc.*, 9 Mass.App.Ct. 122, 399 N.E.2d 878 (1980). Equally irrele-

vant are plaintiff's citations where physical injury to the plaintiff had been caused by tangible structures or material for which the defendant had been responsible. *McDonough v. Whalen*, 365 Mass. 506, 313 N.E.2d 435 (1974); *Croall v. Massachusetts Bay Transp. Auth.*, 26 Mass.App.Ct. 957, 526 N.E.2d 1320 (1988) (rescript). We return to the beginning; this is an extraordinary case.

*Affirmed.* Double costs.